UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SATURNINO VELASQUEZ MEJIA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-01958-DC-EFB (HC)<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR A WRIT OF HABEAS CORPUS</u><br><br>(Doc. No. 17) |

Petitioner proceeds in this petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner has been continually detained since May 24, 2023, when he was detained under 8 U.S.C. § 1231(a)(6) pursuant to a reinstated order of removal to his home country of El Salvador following his unauthorized re-entry to the United States after a prior removal to El Salvador. (Doc. Nos. 1 at 5; 7 at 2–3; 8 at 2–4, 36–39.) Petitioner promptly initiated proceedings, which are referred to as withholding-only proceedings, to withhold his removal to El Salvador

/////

/////

/////

/////

under the Convention Against Torture ("CAT").[1] (Doc. No. 1 at 9–10.) In June 2023, an asylum officer determined that Petitioner did not have a reasonable fear of removal to El Salvador. (*Id.* at 9.) Petitioner sought review of that negative determination by an immigration judge who vacated the asylum officer's decision upon determining that Petitioner did have a reasonable fear of returning to El Salvador. (*Id.*) Petitioner was then placed in formal withholding-only proceedings before an immigration judge. (*Id.*) Petitioner's withholding-only proceedings, which began in June 2023, were extensive and involved numerous motions, hearings, and filings over the course of approximately 19 months. (*Id.* at 9–14; Doc. No. 7 at 2–3.) Petitioner submitted his last piece of evidence in January 2025, and approximately four months later in May 2025, the immigration judge denied Petitioner's CAT claim. (Doc. No. 1 at 11–12.) Petitioner filed an appeal of that denial with the BIA, which was also denied. (Doc. No. 8 at 91–96.) In July 2025, Petitioner filed an appeal with the Ninth Circuit, which remains pending but is currently being held in abeyance by the Ninth Circuit. (*Id.* at 102; Doc. No. 1 at 13–14, 25, 39.)

On March 11, 2026, Petitioner filed the pending petition in which he argues that his prolonged detention throughout his withholding-only proceedings has, and continues to, violate his rights to substantive and procedural due process. (Doc. No. 1 at 17–40.) On August 4, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 17.) The magistrate judge found that Petitioner is entitled to relief on both his substantive and procedural due process claims and recommended that Petitioner be immediately released from custody. (*Id.*) The findings and recommendations were served on all parties and contained notice that any objections were to be

[1] Withholding-only proceedings do not nullify the determination that a noncitizen is to be removed from the United States but simply provide a vehicle for noncitizens to challenge the country designated for removal. *See Johnson*, 594 U.S. at 530–536 (delineating withholding-only proceedings in the context of a reinstated order of removal). Withholding-only proceedings for a noncitizen subject to a reinstated order of removal entails two stages: (1) if the noncitizen expresses fear of removal to the country designated for removal, they are referred to an asylum officer who will determine whether the noncitizen's fear is reasonable or credible; (2) if the fear is deemed reasonable or credible, formal withholding-only proceedings will be initiated before an immigration judge and progress through judicial proceedings that will result in a decision as to whether the noncitizen is entitled to withholding or deferral of removal. *Id.* The noncitizen may appeal a negative determination of either stage of the process to the Board of Immigration Appeals ("BIA") and may appeal the BIA's determination to the Circuit Court. *Id.*

filed within seven days. (*Id.*) On August 9, 2026, Respondents objected to "the findings and recommendations for the reasons stated in their Answer to Petition for Writ of Habeas Corpus." (Doc. No. 18.) On August 11, 2026, Petitioner filed a notice of clarification,[2] and since then has also filed several notices of supplemental authorities. (Doc. Nos. 19–27.)

In reviewing findings and recommendations, the court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); 28 U.S.C. § 636(b)(1)(C); L.R. 304. Having carefully reviewed the entire file, and for the reasons discussed below, the court will grant the petition for a writ of habeas corpus on procedural due process grounds and order that Petitioner be provided with a prompt bond hearing.[3]

**A. Substantive Due Process**

The magistrate judge applied the five-factor analytical framework set forth in *Doe v. Becerra*, 723 F. Supp. 3d 688, at *692 (N.D. Cal. Mar. 15, 2024) to analyze Petitioner's substantive due process claim. (Doc. No. 17 at 5–13.) The magistrate judge determined that the factors weighed in Petitioner's favor and therefore found that Petitioner's ongoing detention violates his right to substantive due process. (*Id.*) However, the court is unpersuaded that the *Doe* framework is applicable to Petitioner's case. The *Doe* framework was developed in consideration of the statutory purposes of 8 U.S.C. § 1226(c) governing the "[d]etention of criminal [noncitizens]" during removal proceedings, whereas here, there is no dispute that Petitioner is detained under 8 U.S.C. § 1231(a)(6) which governs the "detention, release, and removal of [noncitizens] ordered removed." (*See* Doc. Nos. 1, 7); *see also Doe*, 723 F. Supp. 3d at *690–92

---

[2] Within the notice of clarification, Petitioner also requested that the court use only his initials in this order. (*See* Doc. No. 19.) The court denies this request given the procedural posture of the case when the request was made, Petitioner's failure to adequately plead the basis for his request, and Petitioner's failure to bring a properly pleaded motion.

[3] The undersigned will also grant Respondents' motion to dismiss all Respondents other than Petitioner's immediate custodian—Christopher Chestnut, Warden of the California City Detention Facility. (*See* Doc. No. 9.)

(providing an analytical framework for assessing a substantive due process violation in the context of the petitioning noncitizen's immigration detention under 8 U.S.C. § 1226(c)); *Jennings v. Rodriguez*, 583 U.S. 281, 303–04 (2018) (explaining that 8 U.S.C. § 1226(c) covers the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526, 542–44 (2021) (holding that 8 U.S.C. § 1231(a)(6) governs the detention of noncitizens like Petitioner who were previously "removed from the United States but later reentered without authorization, were subject to reinstated orders of removal, and then sought withholding of removal based on fear of persecution in the particular countries designated by their removal orders"). Indeed, the Supreme Court found that "Congress had obvious reasons to treat" differently noncitizens previously ordered removed and thus subject to the provisions of 8 U.S.C. § 1231(a)(6), and noncitizens not yet ordered removed and thus subject to 8 U.S.C. § 1226. *See Johnson*, 594 U.S. at 544 ("[Noncitizens] who reentered the country illegally after removal have demonstrated a willingness to violate the terms of a removal order, and they therefore may be less likely to comply with the reinstated order."). Therefore, the undersigned declines to apply the *Doe* factors to Petitioner's case.

As Petitioner acknowledges, (Doc. No. 10 at 8), substantive due process "forbids the government to infringe certain fundamental liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 301–302 (1993) (citation modified) (emphasis in original). The Supreme Court has repeatedly affirmed the constitutionality of the detention of noncitizens in the furtherance of immigration proceedings. *See Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("We think it clear that detention or temporary confinement, as part of the means necessary to give effect to the provisions for the . . . expulsion of [noncitizens], would be valid."); *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of . . . deportation procedure[s]."); *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (finding the restrictions imposed by 8 U.S.C. § 1231(a)(6) constitutional, but only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States"); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[D]etention during deportation proceedings [is] a constitutionally valid aspect of the deportation

process.”); *Dep’t of State v. Munoz*, 602 U.S. 899, 911–12 (2024) (“[T]he through line of history is recognition of the Government’s sovereign authority to set the terms governing the admission and exclusion of noncitizens.”). The Supreme Court has specifically affirmed the constitutionality of post-removal-period detention under 8 U.S.C. § 1231(a)(6) in order to ensure a noncitizen’s presence at removal. *See Zadvydas*, 533 U.S. at 689 (stating that the basic purpose of 8 U.S.C. § 1231(a)(6) is to “assur[e] the [noncitizen’s] presence at the moment of removal”); *see also Johnson*, 594 U.S. at 544 (suggesting that noncitizens who have previously been ordered removed are more likely to abscond, regardless of whether withholding-only relief is possible, especially where the noncitizen has already violated a prior removal order by re-entering the country without authorization). Therefore, Petitioner has not established a violation of a fundamental liberty interest, specifically, one that may not be infringed “*at all*, no matter what process is provided.” *Reno*, 507 U.S. at 302 (emphasis in original). Accordingly, this court does not find a substantive due process violation on the facts of this case.

**B. Procedural Due Process**

In the findings and recommendations, the magistrate judge found that Petitioner’s ongoing withholding-only proceedings since 2023 coupled with “Respondents’ lack of acquisition of any travel documents for [P]etitioner in more than three years since his removal order became final suffices to show good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future” which, “as construed by *Zadvydas*,” violates Petitioner’s right to procedural due process. (Doc. No. 17 at 13–20.) However, this court and others have found that a noncitizen’s prolonged detention under 8 U.S.C. § 1231(a)(6) does not violate *Zadvydas* where the delay in proceedings is attributable only to the noncitizen’s pursuit of withholding-only proceedings because there was “no evidence before the court that the government would not

/////

/////

/////

/////

/////

otherwise be able to expeditiously remove Petitioner to" his identified removal country.[4] *See J.R.M.J. v. Wofford*, No. 1:25-cv-01567-DC-SCR, 2026 WL 1948264, at *5 (E.D. Cal. July 6, 2026); *Prieto Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (stating that unlike the petitioners in *Zadvydas*, the petitioner "face[d] a significant likelihood of removal in the reasonably foreseeable future because the government can repatriate him to [the country designated for removal] if his pending bid for judicial relief from his administratively final removal order proves unsuccessful"); *Castaneda v. Perry*, 95 F.4th 750 (4th Cir. 2024) (rejecting the noncitizen's argument that because of the indefinite and prolonged nature of the withholding-only proceedings initiated by the noncitizen, removal was not reasonably foreseeable); *G.P. v. Garland*, 103 F.4th 898, 905 (1st Cir. 2024) (same). This does not, however, end the analysis of Petitioner's procedural due process claim.

Courts across the country have found that habeas relief is warranted for noncitizens when the government fails to abide by procedural protections set forth under the Immigration and Nationality Act. *See Leslie v. Att'y Gen. of U.S.*, 611 F.3d 171, 178–180 (3d Cir. 2010) (holding that a violation of 8 C.F.R. § 1240.10(a)(2)–(3), which require that noncitizens be provided with certain information during removal proceedings, is per se prejudicial thereby warranting relief in habeas corpus proceedings because "violations of regulations promulgated to protect fundamental statutory or constitutional rights need not be accompanied by a showing of prejudice to warrant judicial relief"); *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141 (10th Cir. Oct. 21, 2026) (holding similarly in the context of a violation of 8 C.F.R. § 241.13(i)); *Miranda Avila v. Warden, Cal. City ICE Det. Facility*, No. 1:26-cv-07757-DC-JDP, 2026 WL 3347069 (E.D. Cal. Nov. 5, 2026) (ordering habeas relief for noncitizen not provided with the re-detention procedural

---

[4] The undersigned, like the magistrate judge (*see* Doc. No. 17 at 8–9), is not persuaded that the delays in Petitioner's withholding-only proceedings were due to impermissible delays by the government. (*See* Doc. No. 26) (arguing that "the length of [Petitioner's] civil detention stems largely from government-caused delay"); (*see also* Doc. Nos. 1 at 9–14; 7 at 2–3) (discussing continuances during the withholding-only proceedings instigated by both Petitioner and the immigration court, numerous hearings, presentation and extensive examination of evidence, Petitioner's submission of considerable supplemental evidence after the hearings and during the adjudication period, and a delayed decision by the immigration judge who kept Petitioner apprised of the need for additional time to consider and issue a decision).

protections set forth under 8 C.F.R. §§ 241, 241.13); *Singh v. Taylor*, 819 F. Supp. 3d 598, 604 (W.D. Tex. Feb. 9, 2026) (providing similar relief in the context of the government's failure to provide a noncitizen with post-order custody reviews pursuant to 8 C.F.R. § 241.4(k)); *Acosta Diaz La Serna v. Mattos*, No. 2:26-cv-00238-APG-DJA, 2026 WL 2592919, at *7 (D. Nev. Sept. 2, 2026) (similar).

Relevant to Petitioner's claims are the statutory provisions of 8 C.F.R. § 241.4 which govern the continued detention of noncitizens beyond the removal period. The provisions of 8 C.F.R. § 241.4(k)(2)(iii) provide for several custody redetermination reviews, including a mandatory, automatic custody redetermination review annually, or as frequent as quarterly if the noncitizen submits a request showing a material change in circumstances since the previous annual review.[5] *See Zadvydas*, 533 U.S. at 683 (outlining the review procedures under 8 C.F.R. § 241.4 in the context of a noncitizen detained under 8 U.S.C. § 1231(a)(6)). Petitioner asserts that he has had a "single custody review," and that it has been three years since he received a neutral review of his custody status. (Doc. No. 1 at 14.) Respondents do not respond to these assertions, nor do they provide argument or evidence tending to show that Petitioner has been provided with the statutorily-mandated custody reviews he has been entitled to throughout his detention under 8 C.F.R. § 241.4(k)(2)(iii). The failure to provide Petitioner with any of these reviews is particularly concerning in light of the prolonged nature of Petitioner's detention, especially as the Ninth Circuit has found that these protections, even when properly complied

/////

/////

/////

---

[5] In full, 8 C.F.R. § 241.4(k)(2)(iii) reads:

> *Continued detention cases*. A subsequent review shall ordinarily be commenced for any detainee within approximately one year of a decision by the Executive Associate Commissioner declining to grant release. Not more than once every three months in the interim between annual reviews, the alien may submit a written request to the [Headquarters Post-Order Detention Unit ("HQPDU")] for release consideration based on a proper showing of a material change in circumstances since the last annual review. The HQPDU shall respond to the alien's request in writing within approximately 90 days.

with, may be insufficient in the context of extended detention.[6] Therefore, the undersigned will grant the petition for a writ of habeas corpus (Doc. No. 1) on Petitioner's procedural due process claim and order that Petitioner be provided with a bond hearing at which the government shall bear the burden of proving that Petitioner is a flight risk[7] such that his continued immigration detention is justified.

Accordingly, IT IS HEREBY ORDERED that:

1. The undersigned DECLINES TO ADOPT the findings and recommendations filed August 4, 2026 (Doc. No. 17);
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED, as follows:
    a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Jose Saturnino Velasquez Mejia (A-071-953-238) with a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk such that Petitioner's continued immigration detention is justified;
    b. Respondents are ORDERED to provide Petitioner and his counsel with seven (7) days' advance notice of the date and time of the scheduled bond

[6] *See Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011) (finding that, in the context of detention that has grown to at least 180 days, these "regulations are appropriate but not alone sufficient to address the serious constitutional concerns raised by continued detention"), *abrogated on other grounds by Johnson v. Arteaga-Martinez*, 596 U.S. 573, 581 (2022) (holding that the statutory text of 8 U.S.C. § 1231(a)(6) cannot be read to require periodic bond hearings before an immigration judge, but leaving to be considered by the lower courts the determination as to the constitutional sufficiency of the procedural protections for noncitizens subjected to prolonged detention under 8 U.S.C. § 1231(a)(6)); *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 227 (3d Cir. 2018) (similar), *abrogated on other grounds by Johnson*, 596 U.S. 573.

[7] The immigration judge may not deny release on bond on grounds of Petitioner's purported dangerousness. *See Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004) ("[D]angerousness [alone] cannot justify indefinite detention under *Zadvydas*."); *Zadvydas,* 533 U.S. at 714 (Kennedy, J., dissenting) ("The rule the majority creates permits consideration of nothing more than the reasonable foreseeability of removal."); *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. Jul. 16, 2026) ("[C]riminal history is not relevant to the inquiry established in *Zadvydas*.").

hearing and allow Petitioner to have counsel present at the hearing should he so desire;

c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and

d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

3. Petitioner's request for attorney fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion;

4. Respondents' motion to dismiss (Doc. No. 9) all Respondents except Petitioner's immediate custodian—Christopher Chestnut, Warden of the California City Detention Facility—is GRANTED;

5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

6. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dena Coggins
United States District Judge